UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **MAHER YADAK,**            Plaintiff,   vs.   **CONN'S INC.**            Defendant. | Case No.:   **COMPLAINT**   **AND**   **JURY TRIAL REQUEST** |

Plaintiff, MAHER YADAK, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, CONN'S INC. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants' violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act (hereinafter "TCPA") and the Texas Finance Code, Chapter 392.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in the in the city of El Paso, El Paso County, State of Texas.

5. Defendant is a corporation doing business in the State of Texas, with its corporate mailing address as 3295 College Street, Beaumont, TX 77701.


## **FACTUAL STATEMENT**

6. In December 2012, Plaintiff purchased a television from Defendant and entered into a plan to make payments of $150 per month beginning in January 2013.

7. In November 2013, Plaintiff accepted an offer to pay Defendant $1,684 to pay off the outstanding obligation on the television in full.

8. However, on October 28, 2014, Plaintiff started receiving collection calls from Defendant as Defendant only applied the $1,684 to upcoming monthly payments and did not deem the account to be paid. In addition, Defendant claimed Plaintiff owed in the amount of $164.62 for insurance.

9. Later that same day, Plaintiff returned a call to Defendant and asked for the telephone calls to cease, yet the calls continued.

10. Defendant continued to call Plaintiff daily, often multiple times per day.

11. In an attempt to get the calls to stop, Plaintiff spoke with a representative from Defendant on December 11, 2014.

12. Plaintiff informed Defendant's representative that he had asked numerous times to be taken off the auto dialer calls, but he was continuing to receive constant calls.

13. Defendant's representative responded that if an account is marked as being in delinquency, the account will be placed in the auto dialer system for the purposes of receiving calls.

14. As the calls continued, Plaintiff spoke with Defendant's representative on January 8, 2015 and reiterated that he had asked repeatedly not to be called, but yet the calls kept coming.

15. Later on January 8, 2015, Plaintiff spoke to a different representative of Defendant who informed Plaintiff that as long as the account is past due, the account is set to be called on the dialer.

16. Plaintiff asked Defendant's representative with what frequency he could receive calls and was told that "if we don't reach you, we can just keep calling" and acknowledged that the calls were "not manually dialed."

17. Defendant's representative stated that they do not call more than once an hour, but stated Plaintiff had received calls in the 9:00 am, 10:00 am, and 11:00 am hour so far that day.

18. On January 13, 2015, Plaintiff faxed a cease and desist to Defendant to the phone number 409-832-4344, which was received by Defendant, but the calls still continued.

19. On January 24, 2015, Plaintiff paid $164.62 to resolve the money for insurance that Defendant had been requesting.  Plaintiff now believed that his account was paid in full, yet he was still called multiple times in the next few days thereafter.

20. All in all, from October 28, 2014 to the present, Plaintiff has received a minimum of 120 auto dialer calls from Defendant.

21. Plaintiff received the calls from Defendant on Plaintiff's cell phone number 915-540-6XXX.

22. Plaintiff revoked any consent that may have existed to receive telephone calls from Defendant by repeatedly and consistently asked Defendant to stop calling him on the alleged delinquency on his account.

23. Defendant's telephone calls were made using an automated telephone dialing system.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

24. Plaintiff Maher Yadak repeats the allegations contained in paragraphs 1 through 23 and incorporates them as if set forth at length herein.

25. All telephone calls to Plaintiff Maher Yadak from Defendant were done utilizing an automated dialer.

26. Defendant did not have Plaintiff's consent to make the telephone calls as Plaintiff revoked any consent that may have existed.

27. Defendant's actions constitute violations of 47 U.S.C. § 227(b)(1)(A)(iii) to which their falls no exemption to their behavior.

## COUNT II
## VIOLATION OF THE TEXAS FINANCE CODE CHAPTER 392 § 392.302(4)

28. Plaintiff Maher Yadak repeats the allegations contained in paragraphs 1 through 27 and incorporates them as if set forth at length herein.

29. Defendant called Plaintiff Maher Yadak a minimum of one hundred twenty (120) in the period of three month in an attempt to harass Plaintiff Maher Yadak.

30. Defendant's actions are in violations of § 392.302(4) of the Texas Finance Code which prohibits causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

## JURY TRIAL DEMAND

31. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA and the Texas Finance Code;

b. That judgment be entered in favor of Plaintiff Maher Yadak against Defendant for each and every violation of 47 U.S.C. § 227b(1)(A)(iii);

c. That the Court award treble damages to Plaintiff Maher Yadak for each and every violation of the TCPA the Court deems willful;

d. That judgment be entered in favor of Plaintiff Maher Yadak against Defendant for a violation of the Texas Finance Code;

e. That the Court award statutory damages to Plaintiff Maher Yadak for the Texas Finance Code violation in accordance with § 392.403;

f. That the Court grant such other and further relief as may be just and proper.

Dated this 24th day of February, 2015

                                    Respectfully Submitted,

                                    __s/ Seth Crosland_____
                                    Seth Crosland
                                    121 West Hickory St., Suite 103
                                    Denton, TX 76201
                                    (T) 214-810-5401
                                    (E) seth@scroslandlaw.com
                                    Attorney for Plaintiff